IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donnie Wayne Sheffield | ) | C/A No.: 9:07-3550-JFA-GCK |
| | ) | |
|                        Plaintiff, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Tammy Edwards, Nurse; Lt. NFN Redden, Shift Supervisor; Cpl. NFN Eli, Classification Officer; and Cpt. Joyce W. Brunson, | ) ) ) | |
| | ) | |
|                        Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Donnie Wayne Sheffield, was a federal pre-trial detainee housed at the Florence County Detention Center ("FCDC") during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights by their deliberate indifference to his medical needs. He seeks actual damages and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should grant summary judgment to the defendants. The Magistrate Judge further suggests that the defendants are entitled to qualified immunity and that the claims against the defendants in their official capacities are barred pursuant to the Eleventh Amendment of the Constitution. The Report sets forth in

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 18, 2008. The plaintiff filed objections[2] to the Report within the time limits prescribed. The court has carefully reviewed the plaintiff's objections and finds them to be merely a restatement of his claims set forth in the complaint. As such, plaintiff's objections are overruled.

The Magistrate Judge has reviewed the defendants' affirmative defense that the plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1996, 42 U.S.C. Section 1997e(a) prior to the filing of this action. It appears that the plaintiff did file grievances with the FCDC. However, the defendants did not carry their burden of proof with respect to this issue, thus the Magistrate Judge addressed the merits of the case in his Report.

The plaintiff alleges that defendants were deliberately indifferent to his medical needs as a result of their negligence, neglect, and discrimination. Specifically, plaintiff argues that (1) he was not provided treatment for his psoriasis and resulting staph infection; (2) he was improperly transferred and segregated from other inmates while he had the infections; and (3) he was issued disciplinary tickets for violations which affected his classification status.

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

As the Magistrate Judge correctly opines, the plaintiff fails to show that defendants were deliberately indifferent to his medical needs or that his treatment was so "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). As the Magistrate Judge properly notes, incorrect medical treatment or negligence in general is not actionable under 42 U.S.C. § 1983, *Estelle v. Gamble*, 429 U.S. 97 (1976), *Daniels v. Williams* 474 U.S. 327 (1986); 42 USC § 1983 does not impose liability for violations of duties of care arising under state law, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989); the Constitution does not guarantee a prisoner the treatment of his choice, *Jackson v. Fair*, 846 F.2d 811 (1st Cir. 1988); nor does a disagreement as to the proper treatment to be received in and of itself state a constitutional violation, *Smart v. Willar*, 547 F.2d 112 (10th Cir. 1976).

The record reveals that plaintiff was given proper medication to resolve his staff infection and treat his ongoing psoriasis. The defendants attest that plaintiff was segregated from other inmates to reduce the risk of transferring the contagious staff infection to others in the general population, consistent with legitimate governmental purpose.

This court concurs with the Magistrate Judge that plaintiff has failed to show deliberate indifference to his overall medical needs by the defendants. Accordingly, summary judgment is granted to the defendants on this issue.

The court further finds that defendants are entitled to qualified immunity because the plaintiff has failed to show their conduct violated clearly established statutory or

3

constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Torchinsky v. Siwinski*, 942 F.2d 257 (4th Cir. 1991); *Marciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992).

Because the defendants were employees of the SCDC and thus, state officials acting in their official capacity while employed by SCDC, they are entitled to Eleventh Amendment immunity from monetary damages. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

To the extent plaintiff seeks injunctive or other relief against the defendants in their official capacities, such claims are moot because the plaintiff has been released from the SCDC. *Williams v. Griffin*, 952 F.2d 820 (4th Cir. 1991). Therefore, plaintiff's motions for a preliminary injunction, appointment of counsel, and an order of protection for his mail are all moot.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and the defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

Joseph F. Anderson, Jr.
United States District Judge

September 3, 2008
Columbia, South Carolina

4